

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY GASTON, | No. 14-16842 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-01395-RRB |
| v. | |
| E. MORALES, Correctional Sergeant at KVSP, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, Chief Judge, Presiding**

Submitted November 18, 2015***

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Anthony Gaston, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Ralph R. Beistline, Chief United States District Judge for the District of Alaska, sitting by designation.

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment for failure to exhaust administrative remedies, *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment because Gaston did not properly exhaust his grievance using all steps of the process, and he did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, internal citation, and quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where improper screening renders administrative remedies unavailable or where exhaustion might otherwise be excused).

The district court did not abuse its discretion in denying Gaston's motion for reconsideration because Gaston failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and explaining circumstances warranting reconsideration).

**AFFIRMED.**

14-16842